IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TARENT BRYANT, | : | |
| Plaintiff, | : | |
| VS. | : | **1:10-CV-25 (WLS)** |
| SGT. WADE, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on February 5, 2010 (Doc. 1). Presently pending in this action are Defendants' Motion to Dismiss, and Plaintiff's Motion in response to Defendants' Waiver of Reply and several miscellaneous motions filed by Plaintiff (Docs. 19, 17, 26, 28, 30).

**Factual Background**

Plaintiff names only the Autry State Prison ("ASP") Corrections Emergency Response Team ("CERT") members Wade, Spears, Taylor, Harris, Wallace, White, Alexander, and Jackson as Defendants in this case (Doc. 1). In his Complaint, Plaintiff alleges that on several different occasions Defendants retaliated against Plaintiff for filing grievances and a lawsuit against ASP officials. Further, Plaintiff asserts that he was transferred to Wilcox State Prison and Hancock State Prison in retaliation for filing the grievances and a lawsuit *(Id.*).

Plaintiff alleges that on February 19, 2009, Mr. Rigsby, Deputy Warden of ASP, instructed Defendant Spears and the entire CERT Team to throw Plaintiff against the fence and to pat search him because Plaintiff filed grievances. Plaintiff alleges that on February 24, 2009, Defendants Wade, Jackson, Harris, and Spears pushed and threatened Plaintiff because he filed grievances against prison officials. Plaintiff complains that on February 25, 2009, Defendants Jackson and

White retaliated against Plaintiff for filing grievances and a lawsuit by pushing Plaintiff against lockers, searching him, and telling him to "shut up". Plaintiff also alleges that on May 12, 2009, Defendants Jackson, Wade, and Spears pulled Plaintiff from the chow line, pushed him against the wall, and put a knee in his back (*Id.*).

Plaintiff alleges that he was transferred to Wilcox State Prison on June 2, 2009 and placed "in the hole" when he arrived because he filed grievances and a lawsuit against ASP Officials (*Id.*). Plaintiff asserts that he informed the Commissioner, Assistant Commissioner, and Mr. Sikes of the alleged retaliatory conduct (*Id.*). On March 19, 2010, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") (Doc. 6).

*Motion to Dismiss (Doc. 19)*

Defendants filed a Motion to Dismiss stating, among other things, that the action should be dismissed because Plaintiff incurred "three strikes" under the Prison Litigation Reform Act ("PLRA") prior to filing this lawsuit and Plaintiff failed to exhaust all administrative remedies (Doc. 19).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

2

*Three Strikes Provision*

A prisoner may be ineligible to proceed IFP if he has filed three or more previous actions or appeals that were dismissed based on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g). The Eleventh Circuit has determined that dismissals without prejudice for failure to exhaust administrative remedies and dismissals for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by *Jones v. Block*, 549 U.S. 199 (2007); *Allen v. Clark*, 266 Fed. Appx. 815, 817 (11th Cir. 2008); *Sallen v. Valdosta State Prison*, 2008 WL 345614 (M.D. Ga. Feb. 6, 2008).

A prisoner is only allowed to file three meritless actions at a reduced rate under 28 U.S.C. § 1915(g). *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). However, a prisoner may proceed IFP, regardless of the number of strikes, if he asserts he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The inmate must assert that he is presently under imminent danger, not alleging a past harm. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Defendants assert that Plaintiff has filed three meritless lawsuits prior to the filing of this lawsuit, and cannot proceed IFP (Doc. 19-1). Defendants claim that Plaintiff should have received strikes for the following cases: *Bryant v. Carter, et al.*, No. 5:98-CV-42 (S.D. Ga) (dismissed for failure to exhaust state court remedies), *Bryant v. Perdue, et al.*, No. 1:09-CV-27 (M.D. Ga) (dismissed without prejudice because five joint plaintiffs sought leave to proceed IFP), and *Bryant v. Perdue*, No. 09-10990 (11th Cir.) (appeal dismissed as frivolous) (*Id.*). In Plaintiff's Response, he does not address Defendants' argument regarding the alleged mertiless lawsuits.

A review of court records on PACER Docket Report and Defendants' exhibits reveals that

Plaintiff has filed several lawsuits that could constitute strikes. It is indisputable that Plaintiff received a strike for *Bryant v. Perdue*, No. 09-10990, as it was an appeal that was dismissed as frivolous (Doc. 19-4). However, *Bryant v. Carter* and *Bryant v. Perdue, et al.* must be more closely examined to determine if Plaintiff has incurred strikes as a result of filing these cases.

*Bryant v. Carter* was dismissed on the grounds that Plaintiff failed to exhaust available state remedies. This case was filed pursuant to 28 U.S.C. § 2254, contesting the legality of Plaintiff's confinement. The PLRA filing provisions, including § 1915(g), do not apply to habeas corpus proceedings. *Rivera*, 144 F.3d at 723 n. 3; *Anderson v. Singletary*, 111 F.3d 801 (11th Cir. 1997). As *Bryant v. Carter* was a habeas corpus proceeding, it cannot constitute a strike.

In *Bryant v. Perdue, et al.*, No. 1:09-CV-27, the district court dismissed the suit because Plaintiff and four other inmates sought leave to proceed IFP in a jointly filed complaint. The court dismissed the complaint without prejudice because prisoners "may not join claims and thus pro-rate a single filing fee" (Doc. 19-3). There is no evidence that *Bryant v. Perdue, et al.* was dismissed as frivolous or malicious, and as a result, it does not qualify as a strike.

At the time Plaintiff filed the pending lawsuit, he had not incurred three strikes. Thus, this action should not be dismissed pursuant to § 1915(g)'s "three strikes" provision.

<u>Exhaustion of Administrative Remedies</u>

Defendants assert that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

4

until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motion and Plaintiff's responses reveals a conflict. In one of Plaintiff's responses, Plaintiff maintains that he was unable to exhaust administrative remedies because ASP Officials refused to assist him with the grievance process (Doc. 22). The Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims underlying this lawsuit (Doc. 19-1). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to

resolve the disputed factual issues.

Defendants contend, and support with an affidavit from the Deputy Warden of Care and Treatment at ASP, that Plaintiff did not exhaust any grievances regarding the allegations stated in the Complaint (Doc. 19-5, Williams Affidavit). The affidavit testimony establishes the presence of a grievance system at ASP, and that Plaintiff filed numerous grievances during and subsequent to his confinement at ASP (*Id.*).

Complete administrative exhaustion is a precondition to filing a lawsuit, and exhaustion must comply with the deadlines and procedures in place. *Woodford*, 548 U.S. at 88. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process. *Id.* at 92. To remedy a concern, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI.

Plaintiff filed six grievances, copies of which Defendants provided to the Court, regarding alleged retaliatory conduct that occurred while he was housed as ASP. On April 6, 2009, Plaintiff filed grievance number 12205 alleging that the administrative staff, including Ms. Cleveland and Deputy Warden Rigsby, retaliated against Plaintiff by removing him from laundry detail because Plaintiff filed a lawsuit against ASP (Docs. 19-5, Williams Affidavit; 19-7). The informal grievance was denied and Plaintiff filed a formal grievance. After the formal grievance was denied, Plaintiff appealed to the Commissioner's Office (Doc. 19-7). This is the only grievance complaining of retaliation that was fully exhausted.

Plaintiff filed an informal grievance alleging Defendants retaliated against Plaintiff for filing a lawsuit (number 26028) (Docs. 19-5, Williams Affidavit; 19-10). Plaintiff filed an informal and formal grievance alleging that the CERT Team constantly retaliated against Plaintiff because he

6

filed a lawsuit against ASP (number 14254). Additionally, Plaintiff filed an informal and formal grievance alleging that Plaintiff was transferred from ASP in retaliation for filing a lawsuit (number 20443), and informal and formal grievances complaining that Plaintiff's grievances about retaliation were not being answered (numbers 21845, 20911) (Docs. 19-5, Williams Affidavit; 19-7; 19-9; 19-10).

Plaintiff's Complaint was filed only against Defendants Wade, Spears, Taylor, Harris, Wallace, White, Alexander, and Jackson, the ASP CERT Team. In Plaintiff's only exhausted grievance, Plaintiff alleged that Ms. Cleveland and Deputy Warden Rigsby retaliated against Plaintiff by denying him laundry detail (Doc. 19-5, Williams Affidavit). While that grievance was exhausted, it does not relate to the present Complaint. Plaintiff does not name Ms. Cleveland or Deputy Warden Rigsby as Defendants in this action (Doc. 1). Moreover, Plaintiff's Complaint specifically alleges that the CERT Team retaliated by using unnecessary force against Plaintiff, not by denying him laundry detail (*Id.*).

Plaintiff filed informal grievance number 14254 alleging Defendants were constantly retaliating against Plaintiff because he filed a lawsuit against ASP (Doc. 19-7, Attachment G). The informal grievance was not resolved, and Plaintiff filed a formal grievance. When the formal grievance was denied, Plaintiff did not appeal the decision to the Commissioner's Office. Plaintiff then filed informal grievance number 26028 alleging Defendants were constantly retaliating against Plaintiff for filing grievances and a lawsuit. This grievance was denied because it was not timely filed (Doc. 19-10, Attachment S). Plaintiff did not pursue this grievance past the informal stage. Plaintiff did not complete the three step grievance process available at ASP for any of the claims he filed against the Defendants, and thus, Plaintiff failed to exhaust the administrative remedies available to him regarding the claims underlying this lawsuit.

In his response to the Motion to Dismiss, Plaintiff claims that he was unable to successfully exhaust his administrative remedies because the administration at ASP refused to assist him (Doc. 22). In order to demonstrate that administrative remedies are unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999). Plaintiff provided one statement in his Response to Defendants' Motion to Dismiss alleging that ASP Officials refused to help Plaintiff exhaust his remedies (Doc. 22). Plaintiff failed to provide the Court with any details or evidence establishing the specific acts of the prison officials which prohibited Plaintiff from exhausting his administrative remedies against the Defendants. Further, Plaintiff was able to successfully exhaust some administrative remedies, showing that the grievance process was available to him (*See* Docs. 19-7 – 19-10). Thus, Plaintiff's single assertion does not persuade the Court that he was blocked from the grievance process.

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized available administrative remedies to grieve the alleged offenses of the Defendants. Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Plaintiff's Motion of Response (Doc. 17)*

On June 18, 2010, Plaintiff filed a Motion responding to Defendants' Waiver of Reply (Doc. 17). Plaintiff appears to have misnamed his response to Defendants' Waiver of Reply as a motion. As Plaintiff does not seek any Court action, this "Motion" is **DENIED** as moot.

*Miscellaneous Motions (Docs. 26, 28, 30)*

Plaintiff filed several miscellaneous motions regarding the pending action. On September 3, 2010, Plaintiff filed a Motion requesting the Court order Defendants to respond to Plaintiff's discovery, order polygraphs on all Defendants, Plaintiff, and Plaintiff's witness, and grant summary judgment in favor of Plaintiff (Doc. 26). On September 24, 2010, Plaintiff again filed a Motion requesting the Court order Defendants to respond to Plaintiff's discovery and interrogatories, and order polygraph tests on all Defendants, Plaintiff, and all witnesses (Doc. 28). On February 2, 2011, Plaintiff filed another Motion requesting the Court to order polygraph tests on all Defendants, Plaintiff, and all witnesses (Doc. 30).

*Discovery and Interrogatories (Docs. 26, 28)*

Pursuant to this Court's Order dated March 19, 2010, discovery in this action was set to expire within 90 days from the date of the filing of an Answer or a dispositive motion, unless extended by Order of the Court upon a showing of good cause (Doc. 7). A Motion to Dismiss was filed by Defendants on June 28, 2010 (Doc. 19). Therefore, discovery was set to expire on or about September 28, 2010.

The Court has no knowledge as to whether Plaintiff served Defendants with any discovery materials. Furthermore, Plaintiff has failed to comply with Local Rule 5.1 which requires Plaintiff to file the discovery materials with his Motions. Plaintiff also did not comply with Local Rule 37 nor Rule 37 of the Federal Rules of Civil Procedure in that he failed to certify a good faith effort to resolve this dispute with the opposing party without Court action. Consequently, Plaintiff's Motions requesting the Court order discovery and interrogatories on Defendants are **DENIED**.

*Polygraph Tests (Docs. 26, 28, 30)*

Plaintiff appears to be seeking additional evidence regarding his allegations against

Defendants through the use of polygraph tests. A party to a case "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Plaintiff has not shown good cause because he has not provided the Court with the purpose of the polygraph tests, nor how the polygraph tests will provide either admissible evidence or relevant information reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Plaintiff's Motions seeking the Court to order polygraph tests are hereby **DENIED**.

*Summary Judgment (Doc. 26)*

Plaintiff also requests that the Court grant summary judgment in favor of Plaintiff. "A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact." *Id.* Plaintiff has not identified the claims in which he is seeking summary judgment, nor has he provided any evidence to show there is no genuine dispute as to any material fact. Therefore, it is the recommendation of the undersigned that Plaintiff's request for summary judgment be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED and RECOMMENDED**, this 2nd day of March, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf