IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TARENT BRYANT,

 Plaintiff,

v.             CASE NO.: 1:10-CV-25 (WLS)

SGT. WADE, *et al.*,

 Defendants.

## ORDER

The Court **ORDERS** that its Order of March 25, 2011 (Doc. 36) be **REPLACED** by the following Order, which reflects the timely filing of Plaintiff's Objection (Doc. 35). Pursuant to Federal Rule of Civil Procedure 60(a), the Judgment of March 25, 2011 (Doc. 37) shall be **CORRECTED** to state that the Judgment is based upon the instant Order. Fed. R. Civ. P. 60(a).

\* \* \* \* \*

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed March 2, 2011. (Doc. 33). It is recommended that Defendants' Pre-Answer Motion to Dismiss (Doc. 19) be granted, due to the *pro se* prisoner Plaintiff's failure to exhaust administrative remedies prior to filing suit. (Doc. 33 at 8). Plaintiff timely filed an Objection. (Doc. 35).[1]

---

[1] A "Motion On My Complaint Cont" – construed as a Motion to Go Forward with Complaint – was filed by Plaintiff on March 4, 2011. (Doc. 34). That document, however, clearly indicates that it was executed and notarized on February 28, 2011 (Doc. 34 at 1, 3), which predates the filing of Judge Langstaff's March 2, 2011 Report and Recommendation (Doc. 33). Accordingly, the Motion to Go Forward with Complaint (Doc. 34) cannot be viewed as an Objection to the instant Report and Recommendation (Doc. 33).
 The Court has reviewed Plaintiff's Motion to Go Forward with Complaint (Doc. 34), and finds that it does nothing more than parrot the assertions made in Plaintiff's Response to Defendants' Pre-Answer Motion to Dismiss. (*Compare* Doc. 34 *with* Doc. 22). Because it adds nothing to the Record, and because the Court, *infra*, orders dismissal of the action, Plaintiff's Motion to Go Forward with Complaint (Doc. 34) is **DENIED**.

1

The objections set forth in Plaintiff's Objection (Doc. 35) are **OVERRULED**.  The Court finds that Plaintiff's Objection does nothing more than parrot the assertions made in Plaintiff's Response to Defendants' Pre-Answer Motion to Dismiss.  (*Compare* Doc. 35 *with* Doc. 22). Judge Langstaff's Report and Recommendation shows that Plaintiff's Response (Doc. 22) was carefully considered therein.  (*See* Doc. 33 at 2-8).  The Court, therefore, finds that Plaintiff's Objection (Doc. 35) fails to rebut the legally sound recommendation of Judge Langstaff and accordingly is **OVERRULED**.

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 35) are **OVERRULED** and United States Magistrate Judge Langstaff's March 2, 2011 Report and Recommendation (Doc. 33) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Defendants' Pre-Answer Motion to Dismiss (Doc. 19) is **GRANTED**, and the above-captioned matter is **ORDERED DISMISSED**.

Plaintiff's request for the above-captioned matter to be transferred to the United States District Court for the Northern District of New York (Doc. 35 at ¶ 12) is **DENIED**.  The Court finds that Plaintiff has made no showing that the change of venue statute, 28 U.S.C. § 1404, permits transfer in this case.

**SO ORDERED**, this  30th  day of March, 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**